CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 26 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEANTHONY DOANE,** | ) | CASE NO. 7:14CV00539 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| **HAROLD CLARK,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

DeAnthony Doane, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, concerning prison officials' alleged failure to protect him from violence by inmates and staff. The case is ready for decision on summary judgment. Now, Doane submits a motion for preliminary injunction, complaining that officials at Red Onion State Prison are opening legal mail before delivering it to the recipient prisoner. Doane states that when he receives legal mail, the mailroom staff keeps the envelope and provides Doane with a photocopy of it. Doane fears that this practice allows prison staff to view his legal mail and possibly use its contents against him somehow, related to this litigation. After review of the record, the court must deny Doane's motion.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor; and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Id.

Doane fails to demonstrate any irreparable injury that he is likely to suffer if the court does not order defendants immediately to deliver his legal mail to him in its original envelope.

His mere speculation that a mailroom official might read and pass on information to another officer to be used against Doane in this lawsuit somehow is merely speculative. The mere possibility of harm is not sufficient to warrant the extraordinary relief he seeks.

Moreover, Doane offers no indication that he has exhausted his available administrative remedies as to his current allegations of mail interference. Until he does so, he is barred from bringing these claims in a civil action in this court. See 42 U.S.C. § 1997e(a). Finally, even if Doane might state § 1983 claims against someone, related to the mail practice he challenges here, any such claim is not properly joined with the claims going to trial in this action. See Fed. R. Civ. P. 20.

For the stated reasons, the court denies Doane's motion for preliminary injunction. An appropriate order will enter this day. The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to defendants' counsel.

ENTER: This 26th day of October, 2015.

_____
Chief United States District Judge